IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael R. Spires, Sr., #08372-021 | ) | C/A No. 4:04-21929-HFF-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Matthew Hamidullah, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Michael R. Spires, ("petitioner/Spires"), is an inmate in the custody of the Federal Correctional Institution (FCI). Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on August 20, 2004. Respondent filed a motion for summary judgment on November 1, 2004, along with supporting memorandum. The undersigned issued an order filed November 15, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On November 12, 2004, petitioner filed a response to respondent's motion for summary judgment. (Document # 7).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

## I.  PROCEDURAL HISTORY

The procedural history as set forth by respondent in his memorandum has not been seriously disputed by petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by respondent.

The petitioner in this action, Michael R. Spires, Sr., was sentenced on February 8, 1994, to a total term of one hundred ninety-six (196) months incarceration, in the United States District Court for the Southern District of Georgia, for the offenses of Conspiracy to Possess With Intent to Distribute Cocaine, Possession With Intent to Distribute Cocaine, and Using or Carrying a Firearm During a Drug Trafficking Crime. Petitioner is currently incarcerated at the Federal Correctional Institution (FCI) Estill, South Carolina, and has a projected satisfaction date of November 7, 2007, via Good Conduct Time (GCT) Release.

In the instant petition, petitioner alleges the BOP has incorrectly calculated his Good Conduct Time (GCT) credits under 18 U.S.C. § 3624(b). Specifically, petitioner maintains that the text of § 3624(b) requires the BOP to award him up to 54 days GCT for each year of imprisonment (i.e., the actual term of imprisonment imposed). Thus, petitioner asserts that instead of receiving 882 days GCT for his 196-month sentence, the BOP awarded only 768 days of GCT.

As relief, petitioner requests the Court to find the BOP's interpretation of § 3624(b) and method of calculating GCT erroneous, and order the BOP to recalculate his GCT based upon his interpretation.

Petitioner contends in his Petition that the Bureau of Prisons' (BOP) method of calculating GCT is inconsistent with 18 U.S.C. § 3624(b), which provides in the relevant section,

2

> (b) Credit toward service of sentence for satisfactory behavior. --
>
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term . . . . Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624.

Petitioner contends that his GCTs should be calculated based on the sentence "imposed" (i.e., on 196 months), rather than on the actual time he has served. Petitioner argues that the phrase "at the end of each year of the prisoner's term of imprisonment" means that he is entitled to GCT based on 196 months.

Respondent asserts that upon petitioner's arrival at the BOP, his sentence of 196 months was computed. Respondent contends that the computation reflects petitioner's sentence commenced on February 8, 1994, he received 175 days prior custody credit, and he could earn 768 days GCT. This resulted in a projected satisfaction date of November 7, 2007, via GCT Release. Respondent's Exhibit 3, Sentence Computation Date Sheet. Respondent asserts that the good time sheet reflects at the end of the first 14 years of peitioner's sentence, he will be credited with 54 days GCT each year, and on the last 3 months of time to serve, Mr. Spires will receive the prorated amount of 12 days GCT.

## II.  ANALYSIS

The petitioner's sole federal remedy for the cited claim is a writ of habeas corpus under 28 U.S.C. § 2241, which he has filed. However, this remedy can be sought only after petitioner has

exhausted his administrative remedies. See United States v. Shanklin, No. 87-7395, 1988 WL 41128 at **2 (4th Cir. April 28, 1988). "It is only when a prisoner has exhausted his administrative remedies that he becomes entitled to litigate the matter in the district court." Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982); *cf.* Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998). Respondent asserts that upon review of the Bureau of Prison's Administrative Remedy Program records it has been determined petitioner has completed the BOP's grievance procedure as to his allegation the BOP has misinterpreted 18 U.S.C. § 3624(b). Exhibit 1, Administrative Remedies.

After a review of previous case law, the undersigned finds that this Court held in Schepis v. Maldonado, C/A No. 0:03-3463-17BD[2] the following:

> A plain reading of the language of the statute clearly shows that a credit of 54 days is to be awarded "*at the end of each year*" of a prisoner's term of imprisonment. In other words, the credits are earned annually, based on an inmate's performance for the preceding year. Credits are not to be applied or credited before "the end of the first year of the term," and are thereafter to be applied "at the end of each year...." In Pasciuti v. Drew, No. 04-043, 2004 WL 1247813 (N.D.N.Y. June 2, 2004), a federal inmate advanced the same argument as the Petitioner here regarding the maximum potential number of days of GCT that he could receive. The Pasciuti Court's holding, which the undersigned finds persuasive on this issue, was as follows:
>> §3624(b) orders that GCT is credited only "at the end of each year of his term of imprisonment" (emphasis added). BOP's calculation adheres to this Congressional mandate. It does not award inmates 54 days of GCT for years included in their initial sentences which are not ultimately served, because the time for awarding those days, at the end of the year of

---

[2] This court may take judicial notice of this case. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). *See also* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

4

> imprisonment, never arises for those years that are not served. The basis of the BOP calculation is the language chosen by Congress in §3624(b), which directs GCT credit to be given at the end of each year. Hence, the calculation is based on Congress' legislative decision, not the BOP's.

2004 WL 1247813 at * 3.

To hold otherwise would allow inmates to accrue *more* than 54 days of GCT each year,[3] when Congress clearly intended in § 3624(b) to provide that all inmates would be entitled to, and could receive, no more than 54 days of GCT per year. *Cf.* Martinez v. Wendt, No. 3:03-CV-826, 2003 WL 22456808 (N.D.Tex. Oct. 24, 2003), adopted by the district court, 2003 WL 22724755 (N.D.Tex. Nov. 18, 2003); Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001), cert. denied, 535 U.S. 1105 (2002); but see White v. Scibana, 314 F.Supp.2d 834 (W.D.Wis. 2004).

The BOP has promulgated a regulation interpreting § 3624(b), which provides,

[p]ursuant to 18 U.S.C. § 3624(b), as in effect for offenses committed on or after November 1, 1987 but before April 26, 1996, an inmate earns 54 days credit toward service (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year. . . .

28 C.F.R. § 523.20.

Petitioner contends that BOP's method of calculation is contrary to the clear and unambiguous intent of Congress expressed in §3624(b). However, an agency's interpretation of a statute that it is entrusted to administer is entitled to substantial deference. Pasciuti, 2004 WL 1247813 at * 4 (quoting Brissett v. Ashcroft, 363 F.3d 130, 133 (2d Cir. 2004)["In such circumstances, where the relevant statutory provision is silent or ambiguous, a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." ] Assuming arguendo that the statute is ambiguous, the undersigned agrees with the Court in Pasciuti that the

---

[3] For example, the Petitioner in Pasciuti was sentenced to 15 years imprisonment. Under the BOP's calculations (awarding petitioner 54 days GCT for each year served), Petitioner would receive 648 days of GCT after having served 12 years of his sentence (assuming he otherwise complied with institutional regulations and was eligible for the full 54 days each year). Using Petitioner's method of calculation (multiplying 15 years by 54), Petitioner would be entitled to 810 days of GCT, which comes out to 63.38 days of GCT for each year actually served, *more* than the amount specified by Congress in § 3624(b).

5

> BOP's interpretation is not only reasonable, but is in fact the only logical one there is. The statute awards GCT based upon BOP's determination that 'during that year' the prisoner complied with institutional disciplinary regulations. Such a directive requires that the prisoner has been incarcerated during that year so that his compliance may be measured. Therefore, granting GCT for years that will not be served is illogical, because compliance with disciplinary rules during those years is not possible.
>
> *       *       *       *
>
> BOP's determination reasonably interprets the Congressional mandate of §3624(b). BOP's calculation affords inmates their full 54 days of GCT, credited at the end of every year, which results in no GCT credit for years of an inmate's sentence that are not served. Such an interpretation is reasonable, and perhaps inevitable, given the directive of § 3624(b) that GCT be credited "at the end of each year of the prisoner's term of imprisonment."

Pasciuti, 2004 WL 1247813 at * 5-6.

See also Pacheco, 272 F.3d 1266; Brown v. Hemingway, No. 02-1948, 2002 WL 31845147 (6th Cir. Dec. 16, 2002); Williams v. Lamanna, No. 01-3198, 2001 WL 1136069 at *1 (6th Cir. Sept. 19, 2001); Martinez, 2003 WL 22456808.

Schepis v. Maldonado, supra.

Therefore, the undersigned concludes that the GCT is properly credited only at the end of each year of petitioner's term of imprisonment. Petitioner is not entitled to an award of GCT for years included in his original sentence but which are not ultimately served. See; Perez-Olivo v. Chavez, 394 F.3d 45 (1st Cir. 2005); Cf. Martinez v. Wendt, No. 3:03-CV-826, 2003 WL 22456808 (N.D.Tex. Oct. 24, 2003), adopted by the District Court, 2003 WL 22724755 (N.D.Tex. Nov. 18, 2003); Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001), cert. denied, 535 U.S. 1105 (2002); Pasciuti v. Drew, No. 04-043, 2004 WL 1247813 (N.D.N.Y. June 2, 2004).

6

### III.  CONCLUSION

Accordingly, it is recommended that respondent's motion for summary judgment (document # 6) be **GRANTED** on the merits, and that this petition be **dismissed**, with prejudice.

                                  Respectfully Submitted,

                                  s/Thomas E. Rogers, III
                                  Thomas E. Rogers, III
                                  United States Magistrate Judge

May 24, 2005
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**